BENJAMIN GLIDDEN, JR. *versus* SAMUEL DUNLAP.

Where a large body of evidence, on both sides, contradictory in its character, has been laid before a jury, and they have found a verdict upon it, the Court ought not to revise their proceedings, on the ground, simply, that the evidence preponderated against the verdict. Verdicts should not be disturbed, where there is evidence upon which they may rest, unless the jury have been influenced by partiality, passion, prejudice, or some undue bias.

Cumulative evidence is additional evidence of the same kind to the same point.

Where the exceptions state merely, that "the witness was objected to," and admitted, without stating any cause of objection, no question is presented for the consideration of this Court.

THIS was a real action brought to recover lots numbered 10, 11, 12, and half of 12 in Windsor.

The case was heard on exceptions, and on one motion to set aside the verdict against the tenant, because it was against evidence, and on another, on account of newly discovered and material evidence.

At the trial before TENNEY J. as the exceptions state, " Leonard Cooper, called by the plaintiff and objected to by the defendant," testified to certain facts. Neither the grounds of objection, nor the ruling of the Judge thereon, appear.

The whole testimony at the trial is given, and the exceptions then conclude thus:—

Upon the foregoing facts the Court instructed the jury as follows : —

" That the deeds offered by the demandant exhibited a title in him, unless it had been shown that Solomon Bruce had title to the whole or part of the premises at the time the levy was made by the tenant. That if Solomon Bruce had such title, the levy transferred it to the tenant, if demandant had notice of S. Bruce's title when he took the conveyances. That the execution of the deeds from Cooper and Plumer to Solomon Bruce were ineffectual to pass the title without a delivery, and the jury would judge from all the evidence in the case, whether or not Solomon Bruce had received delivery of one or both of the deeds before the levy, and that on this question the testimony of Barnard Bruce, the declarations of Plumer and Cooper, of Benjamin Glidden, Sen., the acts of Bruce and in connection therewith the conversation when Waters made the deed to him ; the copy of that deed, the deeds from S. Bruce of parts of the land connected with the premises, as also the testimony of Cooper, of Solomon Bruce and others, were important evidence for their consideration."

" It was insisted by the tenant's counsel, that the evidence showed, that the tenant had a title to the premises, by a disseizin by Solomon Bruce, and a continuance of an adverse possession by him to the time of the tenant's levy, and by the tenant since of more than twenty years before the commencement of this action.

" The Court instructed the jury that to give the tenant title on this ground, the possession must have been open, notorious and exclusive, and comporting with the usual management and improvement of a farm by its owner.

" That if Bruce was in possession of the premises in submission to the title of the true owners, acknowledging their right, the possession would not be adverse."

*J. Baker* argued for the tenant.

*F. Allen,* for the demandant.

The opinion of the Court was drawn up by

WELLS J. — The tenant moves for a new trial, because, as he alleges, the verdict is against the weight of evidence, and for the discovery of new evidence, since it was rendered.

On the 15th of January, 1836, the tenant caused an execution, in his favor against Solomon Bruce, to be levied upon the demanded premises.

The principal questions in the case were, whether Leonard Cooper and John Plummer, 3d, had made and delivered a deed of a portion of the demanded premises, and Benjamin Glidden of another portion, to Bruce.

There is very strong evidence to show, that both of the deeds must have been delivered to Bruce. But there is, on the contrary, the positive testimony of Cooper, that the deed made by him and Plummer was never delivered, but was to be kept by him, until Bruce paid for the land, that he did not pay, and the deed was subsequently canceled by the witness.

Samuel Kennedy deposes, that he took the acknowledgment of a deed from Benjamin Glidden to Bruce, and it was lodged with him, to deliver to either, upon the written order of the other, and that Oct. 10, 1828, by a written order of Bruce, he delivered it to Glidden.

Barnard Bruce testified, that he wrote the deed from Glidden to Solomon Bruce, that it was delivered to Solomon, but was not acknowledged, and was taken by Solomon " to be carried and lodged with Kennedy, and Glidden was there to acknowledge it."

This, with the other evidence in the case, was submitted to the jury, for them to determine whether the deeds were delivered. It was a matter of fact, within their province to decide, upon conflicting evidence. Where a large body of evidence, on both sides, contradictory in its character, has been laid before a jury, and they have found a verdict upon it, the Court ought not to revise their proceedings, on the ground, simply, that the evidence preponderated against the verdict. Verdicts should not be disturbed, where there is evidence, upon which they may rest, unless the jury have been influenced by partiality, passion, prejudice, or some undue bias. We do not perceive the operation of any improper influences upon the minds of the jury.

In relation to the other motion, the tenant introduces John Potter as a witness, who says he witnessed the deed from Cooper and Plummer, and saw the parties sign it, at Cooper's house. But he does not say he saw the deed delivered.

The evidence adduced by the demandant in the case, establishes the fact of its execution, and his testimony, if received, could not affect the result. It would only add to that which was not controverted.

Merrill Peaslee says, that twelve years ago, Waters showed him three deeds, from certain persons to Solomon Bruce, which he had taken of Bruce, and it is the impresssion of the witness that one of them was from Cooper and Plummer. He thinks some or all were recorded, and he thinks he read the deed from Bruce to Waters. He does not say that he read any other deed. His information appears to have been principally obtained from Waters. So far as it is hearsay, it would be inadmissible upon a new trial. Whether he actually saw a deed purporting to be from Cooper and Plummer to Bruce, or was informed so by Waters, is left altogether uncertain. The jury had testimony similar to this before them, at the trial. Jonathan Vining stated, that between 1826 and 1832, Bruce produced a deed from Cooper and Plummer of part of the demanded premises, opened and read it, and the names of the subscribing witnesses, and another person present

also read it. Vining's testimony did not appear to influence the determination of the jury, nor do we think that of Peaslee would, when met by legal evidence of a positive and absolute character. It would have been very easy for Bruce to have obtained a copy of the deed, and if Peaslee had seen it, he could not have known whether it was a copy or the original.

Nehemiah Ward, another witness, introduced by the tenant for the same purpose, says that 13 or 14 years ago Solomon Bruce was at the house of witness' son, and wanted to sell some timber. Bruce exhibited a deed, that he saw Cooper's name, that his learning was poor, that he asked whose the other name on the deed was, and he was told by Bruce that it was Jonathan Plummer's, and that the deed covered Nos. 9 and 10, being part of the demanded premises. Witness advised his son not to purchase the timber. Afterwards the witness asked Cooper about the timber, and he said there would be no difficulty in cutting it, if they did not take board logs, for he had a lease of them, and after he got them off Bruce was to have the land, and he thinks Cooper said Bruce had a deed.

This testimony tends to show, that Cooper did not testify correctly, in saying the deed had never been delivered.

Is this evidence cumulative? Cumulative evidence is additional evidence of the same kind to the same point. *Parker* v. *Hardy*, 24 Pick. 246. The point, which the defendant labored to establish was the delivery of Cooper and Plummer's deed to Solomon Bruce. Cooper's testimony negatived this fact. It was therefore material to contradict him. At the trial the testimony of Josiah Plummer and James Dunlap was admitted, a portion of which tended directly to contradict Cooper, by proving declarations made by him, on the same subject, in opposition to his testimony. Ward's evidence indicates, that Cooper said Bruce owned the land and had a deed of it. This was testimony of the same kind as that of Plummer and Dunlap, although expressed in a different way. It goes to contradict Cooper, as to the essential inquiry whether

the deed was delivered. It appears to us to be of the same kind and to the same point, as that introduced by the tenant at the trial.

The exhibition of the deed by Bruce, even if the witness' recollection of it can be relied upon, was very similar to other acts of Bruce adduced in evidence, and to which no great importance could be attached, for if the original had never been delivered to him, he could not have had it, but might have had a copy of it. The witness does not say he had any knowledge of the handwriting of Cooper.

It is true, that motions of this kind address themselves very much to the discretion of the Court, but in the exercise of it, the Court should be guided by well established rules of law, and be admonished by the evils, which spring from protracted litigation.

The evidence that the deeds in question were never delivered, is so strong, that notwithstanding the other evidence in the case, we cannot say the jury came to a wrong conclusion.

The case discloses, that the tenant objected to the admission of Cooper as a witness. But no reason was given for the objection, at the trial, and none is stated in the exceptions. In the argument, it is contended, he was interested, in consequence of the deed, which he gave to the plaintiff. It is unnecessary now to consider the question of his interest. The grounds of the objection should have been stated at the trial. If so, the objection might have been answered or obviated by the demandant. The Court could not rule upon a point, not presented to its notice.

We do not see any satisfactory reason, for disturbing the verdict; both the motions for a new trial and the exceptions are overruled, and there must be judgment on the verdict.