JOSEPH BROWN v. D. W. WHEELER, *as Administrator of the Estate of* VAN VOORHIS BROWN, *deceased.*

No. 11,785. (64 Pac. 594.)

EVIDENCE — *Cumulative.* Cumulative evidence is evidence of the same kind to the same point. An admission made in a letter introduced in evidence in support of a motion for a new trial, upon the ground of newly-discovered evidence, is cumulative to similar oral admissions proved upon the trial to have been made by the writer of the letter.

Error from Marion district court; O. L. MOORE, judge.   Opinion filed April 6, 1901.   *In banc.*   Affirmed.

STATEMENT.

THIS was an action brought by defendant in error, Wheeler, as administrator of the estate of one Van Voorhis Brown, deceased, against plaintiff in error and one Samuel Brown, to recover damages for the conversion of personal property.   Plaintiff in error is the father of Samuel and Van Voorhis Brown.   Van Voorhis Brown died intestate on the 24th of July, 1898, leaving surviving him his wife, Hattie E. Brown, and one young child.   At the time of his death he was in possession of a large quantity of personal property, consisting of horses, cattle, grain, farming utensils, household goods, poultry, etc., the subject-matter of this controversy.   A few days after the death of her husband, Hattie E. Brown, with her child, departed for her former home in Pennsylvania.   Immediately upon her departure, plaintiff in error and members of his family took possession of the entire personal property, using and disposing of the same as their own.   There was no correspondence between the widow in Pennsylvania and the members of her husband's family in Kansas.

This action was commenced on the 8th of June, 1899.   Upon demand made for the property and upon the trial of the case, it was claimed by plaintiff in error that all the personal property in the possession of Van Voorhis Brown and his wife at the date of his death, even to the very articles of household use, was not the property of Van Voorhis Brown but of plaintiff in error.   Upon the trial the case was dismissed as to Samuel Brown.

The trial resulted in a verdict and judgment for the administrator. To reverse this judgment defendant below, Joseph Brown, prosecutes this proceeding in error.

*R. L. King*, and *C. M. Clark*, for plaintiff in error.
*Keller & Dean*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : It is first contended that the petition is insufficient, in that the averments of the representative capacity in which plaintiff brings the action are not sufficient, and does not allege that plaintiff either had the possession of the property in controversy or was entitled to its immediate possession. The petition does allege "that he is the duly appointed, qualified and acting administrator of the estate of Van Voorhis Brown, deceased; that at the time of the death of the plaintiff's intestate, Van Voorhis Brown, the said Van Voorhis Brown was the owner and in possession of the following articles of personal property, to wit." This is sufficient. The demurrer to the petition was properly overruled.

Again, it is contended that defendant Joseph Brown should have been granted a continuance upon the dismissal of the action as to his codefendant, Samuel Brown. No formal application for continuance was made, nor was there any showing for such continuance. The trial court did not abuse its discretion in refusing the request.

Upon the trial evidence was received, over the objection of the defendants, tending to prove the value of the interest of Van Voorhis Brown in certain wheat grown upon what was known as the "Carter eighty," for which no claim was made in the petition. The

value of this wheat was separately found by the jury and amount remitted before judgment.

The widow, Hattie E. Brown, was permitted on her direct examination to give a part of a conversation claimed to have been had with one Cora Brown, a daughter of defendant, in the absence of the defendant. Upon objection made, this evidence was by the court, in effect, withdrawn from the consideration of the jury. Cora Brown was called as a witness for the defense and interrogated as to this conversation had with Hattie E. Brown. Upon rebuttal, the proper foundation having been laid by the cross-examination of Cora Brown, the widow, Hattie E. Brown, was permitted to give her version of the conversation, which was contradictory of and tending to impeach the evidence of Cora Brown. In this there was no error.

Again, upon examination in chief, and as a part of plaintiff's case, after enumerating the number of cattle, horses and other personal property in the possession of Van Voorhis Brown at the time of his death, over the objection and exception of counsel for defendant, the widow, Hattie E. Brown, was asked: "Who did all this property belong to that you have been testifying about? Now, Mrs. Brown, all this property you have enumerated, whose was it?" etc. To which the witness responded that it belonged to her husband. The ownership of the property and the value being the only matters in dispute at the trial, the reception of this testimony was highly improper and the practice should not be encouraged. Yet, as the witness was asked to and did give fully her sources of information, both upon her direct and cross-examination, that the jury might determine not only the fact of ownership itself but the extent of the

knowledge of the witness, the bald statement of the witness that her husband was the owner was not sufficiently prejudicial to work a reversal of the judgment.

Complaint is made of the refusal of the trial court to give certain instructions requested by defendant. An examination of the record discloses that the request was not signed by counsel, as required by the statute, and, in the absence of a showing to the contrary in the record, this court may presume that the same was refused for this reason. However, certain of the instructions requested relate to the exempt property. From the amount found by the jury before judgment the plaintiff remitted $750, expressly including in the same the value of the exempt property. The other requests are properly covered in the charge of the court, which we have examined, and in which we find no error.

The substantial claim of error in this case arises upon the action of the trial court in overruling the motion for a new trial. Upon the hearing of this motion, the defendant offered in evidence a letter purporting to have been written by Van Voorhis Brown to his brother, Rev. A. G. C. Brown, on February 7, 1898, in which it was stated: "You know how it is here. You know I do not own one head of cattle or horses on this farm." The record shows that it was earnestly insisted at the hearing of this motion, and evidence was offered by the plaintiff tending to prove, that this letter was a forgery. However, the trial court expressly refused to rule on that proposition, but did rule this evidence to be cumulative to certain oral admissions, identical in import, testified to on the trial. It is the contention of counsel, on the one hand, that this is evidence of a character differing from that offered upon the trial, hence, not cumulative

in its nature, and, being the positive denial in writing of ownership by Van Voorhis Brown, entitled the defendant to a new trial. On the other hand, it is claimed that the fact that the admission here made is in writing does not change the character of the evidence, and, as there were oral admissions of Van Voorhis Brown, identical in meaning, testified to on the trial, the admission made in this letter is cumulative.

The rules as to granting new trials on the ground of newly-discovered evidence, as established by this court, are : (1) The evidence must be in fact newly discovered, that is, discovered after the trial, and could not with reasonable diligence have been discovered and produced at the trial; (2) it must not be cumulative ; (3) it must be of such character and strength as would with reasonable probability have compelled a different decision. (*Sexton v. Lamb*, 27 Kan. 434.)

Is the evidence cumulative ? Does the fact that the admission made by Van Voorhis Brown in this letter is in writing, while his admissions shown upon the trial were oral, take it out of the rule against cumulative evidence ? We think not. Cumulative evidence is evidence of the same kind to the same point. Here the evidence offered is an admission. Oral admissions of Brown of identical import were shown by witnesses for the defense upon the trial. All are admissions ; hence, they are of the same kind of evidence. All go to the same point—to show that Van Voorhis Brown was not the owner of the property. The fact that the admission here made is in writing may have made it stronger, but does not change its nature as evidence ; it is cumulative. (*Wisconsin Central R. R. Co. v. Ross*, 142 Ill. 9, 31 N. E. 412 ; *Klein v. Gibson*, 2 S. W. [Ky.]

116; *Cox v. Harvey,* 53 Ind. 174; *The Town of Manson v. Ware,* 63 Iowa, 345, 19 N. W. 275; *Wynne v. Newman's Adm'r, etc.,* 75 Va. 811; *Wall v. Trainor,* 16 Nev. 131; *Glidden v. Dunlap,* 28 Me. 379.)

A final contention is made that the verdict is excessive. While it appears from the findings and evidence that the jury estimated the value of a part of the property at the highest figure fixed by the evidence, yet the judgment as rendered is well within the evidence, and the findings made by the jury are conclusive upon this court.

The judgment is affirmed.