No. 32,397

MAMIE TRACKWELL, *Appellant*, v. AUGUST WALKER, Administrator of the Estate of William Walker, Deceased, AUGUST WALKER and OSCAR WALKER, *Appellees*.

(46 P. 2d 603)

Opinion filed July 6, 1935.

*James B. Kelsey*, of Leavenworth, for the appellant.

*Malcolm McNaughton* and *Lee Bond*, both of Leavenworth, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover half of a dead man's estate under an alleged oral contract with the deceased made twenty-six years ago.

Plaintiff alleged that in 1907 the late William Walker, of Leavenworth county, made an oral agreement with her that if she would come to his home and serve him as housekeeper and perform the usual duties of a country housewife he would give her half his property at his death.

At that time Walker was a widower, fifty-two years old, with grown children, residing on a farm, and a man of substantial means.

Plaintiff was twenty-two years old, deserted by her husband and divorced, with two small children to support, with no means, and mainly dependent on relatives for subsistence.

At the time the alleged contract was made plaintiff and Walker were total strangers.

Plaintiff's evidence showed without dispute that in 1907 she entered the Walker household with her two children and performed the usual arduous duties of a farm woman until Walker's death in 1933. During that interval her children were housed, fed, and educated and reared in the Walker household.

When Walker died, plaintiff first relied on the prospect that he might have made provision for her in his will; next through her attorney she claimed to have been Walker's common-law wife; but eventually her claim took the form which culminated in this lawsuit—an alleged oral contract that she was to receive half of Walker's estate when he died.

Plaintiff mustered an array of witnesses who testified to the length, merit, and extent of her services. Some of them gave testimony touching statements they had heard Walker make which showed how much he appreciated her worth. Some of them testified thus:

"He (Walker) said he had things fixed providing well for Mamie to have half of everything he had when he was gone."

Others testified:

"He had everything fixed and Mamie will always have a home."

Others testified:

"He said what he had done for Mamie because of her services for him."

Another witness, son of the plaintiff, testified:

"I heard William Walker tell Mr. Prewitt that he was going fifty-fifty with the boys, with mother, Mamie Trackwell, . . . He said he was going to have it fixed so, he would have it fixed fifty-fifty with the boys with her— with mother."

It is useless to reiterate more of this sort of testimony. There was no evidence of any specific offer and acceptance of the contract alleged; and our only concern is whether the services rendered and the sort of testimony summarized above is sufficient to prove the making of the alleged contract.

The trial court held otherwise on demurrer, and error is urged on that ruling.

It is settled law in this and other jurisdictions that if an oral contract of the character alleged is performed in whole or in substantial part on one side, it may furnish a basis for specific performance or redress for its breach; but the corollary rule is that such a contract and its specific terms must be proved by clear, convincing and satisfactory evidence. (*Dillon v. Gray,* 87 Kan. 129, 123 Pac. 878; *Bateman v. Franklin,* 114 Kan. 183, 217 Pac. 318; *Rooney v. McDermott,* 121 Kan. 93, 246 Pac. 183; *Woltz v. First*

*Trust Co.,* 135 Kan. 253, 9 P. 2d 665; *Heine v. First Trust Co.,* 141 Kan. 370, 41 P. 2d 767; 58 C. J. 929, 946; 25 R. C. L. 218, 310.)

Can it be said that the evidence was sufficient to meet the exacting standards which must necessarily be imposed on litigants who seek a share of a dead man's property on an alleged oral contract entitling them thereto? The case in material aspects is like *Nash v. Harrington,* 110 Kan. 636, 205 Pac. 354, where one of two sisters laid claim to eighty acres under an alleged oral contract between herself and her father that she should receive that property for services which she had fully performed. A plethora of evidence was adduced to show the extent of plaintiff's services and that she deserved well at her father's hands. The trial court made elaborate findings of fact, and inferred therefrom that the alleged contract had been proved. We said:

"This court would cheerfully affirm this judgment, for there is no doubt of Johanna's merits and deserts, but counsel for Agnes have the right to insist, before the judgment against her can stand, that the essentials of a contract between Johanna and her father be first established. This, we confess, baffles us. . . . .

"In the cases where oral contracts for the conveyance of land have been upheld by this court, it will be found that there was evidence tending to prove the primary facts constituting the contract. Once some such evidence was forthcoming, then such testimony as that of the witnesses Casey and Kleinneger, quoted above, would perform the valuable function of reinforcement or corroboration, by showing that the evidence to support the main proposition was true. But the testimony of Casey and Kleinneger (and the other testimony to the same effect) is corroborative of what? Nothing, because of an utter want of the matter of prime importance—some evidence that Johanna and her father made the contract relied on. The evidence to prove the contract need not be direct, but it must, in sum,˙ be established by clear and satisfactory proof." (Citations.) (pp. 642, 643.)

Other cases where claimants under alleged oral contracts failed in quality and sufficiency of their proof are cited in *Woltz v. First Trust Co.,* supra, page 261.

And so here. This case failed for want of proof. It is beside the point to expatiate on plaintiff's merits and deserts for her faithful service to Walker for twenty-six years. The record shows that his sons offered to provide for her generously; but she chose to litigate with them instead, with the result which this court cannot justly disturb.

The judgment is affirmed.