No. 34,853

LETTIE McMICKELL (Revived in the name of ALONZO McMICKELL) et al., *Appellants*, v. WILLIAM D. MINER, *Appellee*, and HARVEY D. McMICKELL.

(106 P. 2d 659)

Opinion filed November 9, 1940.

*O. A. Wilson*, of Jetmore, for the appellants.
*Andrew F. Schoeppel* and *Tom Smyth*, both of Ness City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to quiet title to an undivided 13/14 interest in a tract of farm land. In the petition plaintiff alleged she was the owner and in possession of the property; that defendants claimed some interest therein, the exact nature of which plaintiff did not know; asked that they be required to set up any claim or interest they had in the property, and that such claim be adjudged void. The defendant, Harvey D. McMickell, is the son of plaintiff. He filed no answer. The other defendant was Wm. D. Miner. He answered, alleging that he is the owner of a valid

mortgage on the property executed to him by Harvey D. McMickell and wife to secure a note of $2,400, and that the mortgagors were the legal owners of the property by virtue of a warranty deed from the plaintiff to her son, and that the son was in possession of the property at the time the mortgage was given; that both plaintiff and the mortgagor had received benefits from the sum obtained by the loan, and that the mortgage in fact had been foreclosed by an action in the district court. Plaintiff in her reply denied that Wm. D. Miner is the owner and holder of a valid mortgage on the property; denied that her son, Harvey D. McMickell, and wife were the owners of the property at the time the mortgage was given; denied that her son and wife had any power or authority to mortgage the property; denied that the plaintiff executed a deed to her son for the property; denied that she had knowledge of the execution of such a deed, or received any portion of the proceeds of the loan; and further alleged that plaintiff has never at any time executed, or authorized any person to execute for her, any deed or conveyance of the real property involved. This reply was verified.

At the trial some of the facts were stipulated: That the land in question was owned by Joe McMickell, husband of plaintiff, who died intestate in August, 1925, leaving his widow, the plaintiff herein, and seven children; that in April, 1926, quitclaim deeds of their undivided interest were executed by all the children, except one, to their mother. On January 27, 1932, a warranty deed, executed by plaintiff, was filed of record conveying "all our undivided interest in and to" the land in question to her son, Harvey D. McMickell. The records also show a mortgage, dated January 1, 1932, acknowledged January 14, was filed of record that day, executed by Harvey D. McMickell and wife to Wm. D. Miner, covering all the land in question, to secure the payment of a note for $2,400. It was stipulated that this sum of $2,400 was disbursed by paying taxes on the land, $306.58; to pay a mortgage to George M. Byal of $400, which had been executed by Harvey D. McMickell in 1929 on his share of the property; and $1,227 was paid to Harvey D. McMickell, out of which he paid a bank at Ness City $500 upon a judgment it held against one of the children. All of these payments, except one item to the register of deeds, were made between April 15 and 20, 1932. In the meantime there had been conveyed to Harvey D. McMickell the undivided interest in the land of one of the children. The mortgage above mentioned was foreclosed in an action in the

district court in which Harvey D. McMickell and his wife were defendants, in January, 1934, and under an order of sale in that action, the property was sold February 20, 1934, to Wm. D. Miner for the full amount of the judgment, costs and taxes.

Plaintiff requested an order that the defendant had the burden of proof, which request was refused. Plaintiff testified, among other things, that she never signed a deed to anybody, or authorized anyone to sign a deed for her; that she first learned that she was supposed to have deeded the land away about three years before the case was tried, in October, 1935, when she had asked her youngest son, Lester, to inquire about the taxes, and in doing so he learned the deed from plaintiff to her son Harvey was of record; that she talked to her son Harvey about it and he didn't say much, but said, "You can have it back again if you want it"; that in 1929 she had suffered a paralytic stroke and since then had not been able to write much, and only with her left hand; she "guessed" she could sign her name; that she had tried it just on a card or something, not very good. She and her son lived together on the farm. They had no agreement about rents. He farmed it for both of them and gave her money from time to time. She paid none of the expenses and expected him to pay the taxes out of the rent. Other evidence on behalf of plaintiff was to the effect that on the first of January, 1932, the plaintiff went to visit her sister, Mrs. Staples, and stayed there until the 16th of May of that year.

The defendant called O. L. Lennen, a notary, before whom the deed was purported to have been acknowledged, who testified that he had resided in Ness City for more than forty years, in business as an abstracter and notary public; that he knew plaintiff, had been to the farm repeatedly, and knew her son Harvey; that he saw plaintiff sign the deed and took the acknowledgment of the signature in question on the date shown by the deed; that this was done at the home on the farm; that the plaintiff was there and her son Harvey and his wife. Harvey D. McMickell testified that the deed was acknowledged before the notary; stated that his mother, the plaintiff, had signed the deed that day in the presence of the notary, and that he assisted her by holding her hand while she signed it. In its judgment the trial court found that plaintiff had not sustained the burden of proof upon her allegation that she had not signed or acknowledged the deed in question.

Pending the decision in the trial court, after the evidence was

taken, the plaintiff died and the action was revived in the name of her administrator. He has appealed, and contends that the court erred in ruling the burden of proof to be on plaintiff. We think there is no error in this respect. Plaintiff and her counsel knew at the time the action was brought that the deed had been of record more than two years; that the mortgage had been given, and that the money paid out on the mortgage had inured to her benefit, and that of her children. She could not quiet title against this deed without having it set aside by an order of the court. Certainly, if she brought the action to set aside the deed because the signature thereon was a forgery, or had been procured by fraud, she would have had the burden of proving those allegations. We think she could not escape that burden by bringing the action simply to quiet title, requiring the defendant, who had paid out $2,400, predicated upon the genuineness of her signature to that deed, and the mortgage given by the grantee therein, to set up those instruments and plead their validity in his answer and then shift the burden of proof to him by a denial of the execution of the deed in her reply.

Appellants further contend that a new trial should have been granted. On the hearing of the motion for a new trial the affidavits of some of the other relatives of the plaintiff were introduced to the effect that she was not in Ness county after about the first of January, 1932, until the 16th of May, as tending to show that the notary was mistaken as to having taken the acknowledgment to the deed on January 27, 1932. There was evidence of the plaintiff on that point at the time of the trial. These affiants were relatives of the plaintiff, most of whom would benefit directly by setting aside the deed and defeating the mortgage, and as to two of them their individual debts had been paid out of the proceeds of the mortgage. At best they were cumulative evidence. Ordinarily a motion for a new trial is not granted on cumulative evidence, neither would the court under the circumstances be required to give full faith to the contents of these affidavits.

Appellants further contend that in any event the court erred in rendering judgment for defendant. This is predicated upon the fact that the mortgage was dated January 1, and recorded January 14, while the deed from plaintiff to her son Harvey was dated January 14 and acknowledged and recorded on January 27 of the same year. While the mortgage was filed of record January 14, the proceeds of it were paid out between April 15 and 20. This was after the

deed from plaintiff to her son Harvey was filed for record, and also after he had acquired the title to the share of one of his brothers on April 1, 1932. By these instruments Harvey D. McMickell had the record title for each undivided interest in the land. So, there is no point with respect to the dates of these instruments that would defeat the claim of the mortgagee. The only really contested question in the trial was whether the plaintiff had executed and acknowledged the deed to her son Harvey for all her title and interest in the property. On this point there was the positive evidence of the notary public that she signed the deed in his presence and acknowledged it. There was also the evidence of the grantee to the same effect. Hence, the court had ample evidence to support a judgment for defendant.

We find no error in the record and the judgment of the court below is affirmed.