No. 35,272

G. E. BOND, *Appellant*, v. ED BOND, JR., BERTHA BRANDT (Sometimes Known as MRS. CHARLES BRANDT), ELIZABETH SNYDER, LAURA SNYDER, MARIE ZACHARY, MILDRED RINEHART, EMMA RINEHART, ED BOND, JR., as Administrator of Estate of Ed Bond, Sr., Deceased, *Appellees*.

(118 P. 2d 549)

Opinion filed November 8, 1941.

*Lee R. Stanford* and *Marvin O. Brummett*, both of Concordia, for the appellant.

*Max White*, of Concordia, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action in the nature of specific performance and to quiet title to a tract of land. A second cause of

action was based upon an alleged gift *inter vivos* of certain personalty. The first cause of action was based upon an alleged oral contract whereby it was alleged the father of plaintiff and defendants had agreed to leave to plaintiff a forty-acre tract of land if plaintiff and his wife would live with the parents and farm the land until the death of the parents. The subject of the second cause of action was the household goods and furnishings and the farm implements and machinery. These were claimed pursuant to an alleged gift from the father. The parents of the parties died intestate. Plaintiff is the son and defendants are the other heirs. Defendants prevailed and plaintiff appeals.

Appellant has abstracted in the main only such testimony as was favorable to his contention. He argues the case here as though a demurrer had been sustained to his own evidence. He appears to do this for the purpose of demonstrating that the evidence was sufficient to sustain a finding, if it had been made, that the alleged oral contract touching the real estate was entered into and that he had performed his obligations thereunder and that there was sufficient evidence to establish a gift of the personalty. No demurrer was lodged against appellant's evidence, and hence no such ruling is here for review. Appellees introduced their evidence and appellant introduced rebuttal testimony. The journal entry of judgment discloses the trial court considered the entire record and that upon being fully advised in the premises denied the relief sought.

Appellees insist the appeal should be dismissed by reason of appellant's failure to comply with various rules of this court touching the proper preparation of abstracts. The objections to the abstract are numerous. Most, if not all of them, are proper objections. We probably would be justified in sustaining appellees' contention. Appellees, however, have filed a counter abstract. The evidence is before us and we have concluded to decide the appeal on its merits.

A review of the record, of course, requires that we, as the trial court, give consideration to the entire record. It frequently happens, especially in cases of this character, that appellant's evidence standing alone might support the judgment sought but that, when considered in conjunction with the rest of the record, the evidence is not clear, satisfactory and convincing. It was the trier of the facts who had to be convinced. In the instant case that was the trial judge. The evidence as a whole did not, in his opinion, clearly, satisfactorily and convincingly establish the oral contract. No findings of fact

were requested. While the trial court made no detailed findings of fact as such, it did, in a memorandum opinion, analyze the entire record and then made general findings against appellant on each cause of action. It would serve no useful purpose to narrate the evidence. The record discloses abundant evidence, if believed, to absolutely negative both the alleged oral contract touching the real estate and the alleged gift of personalty. The evidence as a whole certainly casts serious doubt on plaintiff's right to prevail on either cause of action.

It frequently has been held that this sort of oral contract must be established by clear and satisfactory proof or by proof that is clear, satisfactory and convincing. A few of the decisions are: *Anderson v. Anderson*, 75 Kan. 117, 88 Pac. 743; *Woltz v. First Trust Co.*, 135 Kan. 253, 9 P. 2d 665; *Schuler v. Rehberg*, 145 Kan. 176, 179, 64 P. 2d 571.

In determining whether a plaintiff is entitled to the relief sought the evidence must be considered and weighed in its entirety. (*Schuler v. Rehberg*, supra.) The evidence was so considered by the trial court. It did not convince the trial court and, in view of the conflicting testimony, we cannot say the trial court erred. The evidence was ample to support the judgment.

It is further urged the trial court should have granted a new trial on the ground of newly discovered evidence as disclosed by the affidavit of one Will H. Beck. The witness produced was new, but the character of his evidence was not new. It was cumulative. New trials are not granted upon such evidence. (*Brown v. Wheeler*, 62 Kan. 676, 64 Pac. 594; *McMickell v. Miner*, 152 Kan. 562, 106 P. 2d 659.) Moreover, the affidavit did not state facts which disclosed diligence on the part of appellant in obtaining and producing the testimony at the trial. Failure to make an affirmative showing of the exercise of reasonable diligence in this respect rendered the affidavit defective. (*Brown v. Wheeler*, 62 Kan. 676, 64 Pac. 594; *Spencer v. Southern Kansas Stage Lines Co.*, 138 Kan. 5, 23 P. 2d 588; *Trammell v. Kansas Compensation Board*, 142 Kan. 329, 46 P. 2d 867.)

The judgment must be affirmed. It is so ordered.