No. 38,456 and No. 38,521, Consolidated

In the Matter of the Estate of Louise Towne, Deceased. Mrs. J. F. HOLLOWAY, *Appellant*, v. O. J. LANE, Executor, et al., *Appellees*.

(239 P. 2d 824)

Opinion filed January 26, 1952.

Milton P. Allen, of Lawrence, argued the cause, and Forrest A. Jackson, of Lawrence, was with him on the briefs for the appellant.

George K. Melvin, of Lawrence, argued the cause, and Robert B. Oyler, of Lawrence, was with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This action involves a claim against a decedent's estate. The appeal is from the judgment of the district court, which on appeal from the probate court heard and denied the claim.

The record discloses that Louise Towne, an elderly spinster, who owned her home in Lawrence, where she resided, died testate September 15, 1949. Her will was duly probated and the executor named therein was appointed. The inventory of her estate listed property appraised at $13,521.05, which included her home, appraised at $5,000 and the contents thereof at $418.46.

On June 16, 1950, Mrs. J. F. Holloway, appellant here, filed her petition in the action in the probate court to recover a judgment against the estate in which her address where she was then living in Virginia was given and in which it was alleged that she was an employee of the deceased under an oral contract made between them in the spring of 1942, whereby deceased promised and agreed to execute a will by which she would bequeath and devise the home of the deceased, the location and description of which were given, and all the household goods, furniture and fixtures therein to the claimant in consideration of her promise and agreement to care for the person of the deceased at her home; that in reliance upon the promise and agreement of the deceased the petitioner commenced working for her and performing numerous household duties, which were enumerated, and continued to do so until June 8, 1946, at which time the petitioner was moving from Lawrence to the state of Virginia; that on June 8, 1946, petitioner asked deceased in the presence of witnesses if she cared to make a settlement for services rendered to that date, and deceased again promised to make and execute a will in which she would give petitioner her home and all of the household goods, furniture and fixtures therein, which devise and bequest would be in full payment for

services rendered to that date by petitioner to deceased; that petitioner had fully performed all services and duties incumbent upon her in the oral contract but that the deceased failed to perform her promises under the contract. The prayer was "for judgment for the specific performance of said contract and that said real estate be set apart and aside to petitioner, along with all household goods, furniture and fixtures therein, for other equitable relief and costs."

Decedent's will made fourteen specific bequests in sums aggregating about $2,200 and gave the residue of her estate to the board of trustees of the First Baptist Church of Lawrence, of which church she had been a member for many years. The will also named several persons to whom none of her property should be given, or to whom something should be given upon a certain condition. One paragraph contained the sentence:

"And I hereby cancel any and all promises I may have made to any person or persons that I would bequeath to them any property, real or personal, of which I may be possessed at the time of my death."

The name of the appellant here was not mentioned in the will. The executor and the trustees of the First Baptist Church filed written objections to the allowance of the claim, each of which contained a general denial of the allegations of plaintiff's petition. The action was heard in probate court, at which time the claimant produced her evidence and the testimony was taken and later transcribed by a court reporter. At the close of the evidence the demurrers thereto filed by the executor and on behalf of the church were sustained and the claimant appealed to the district court. In the district court the church trustees filed amended written objections to the claim in which they pleaded the statute of frauds.

In the district court the parties stipulated that the case should be submitted to the court for trial upon the testimony given in the probate court, as shown by the transcript thereof, and that in the event the district court overruled the demurrers by the executor and by the trustees then the case should be set down for further trial. After a hearing upon the transcript of the testimony the trial court overruled the demurrers of the executor and trustees and in harmony with the stipulation set the hearing for a future date. At this hearing neither party presented additional evidence. The court, having considered the evidence as shown by the transcript of the testimony in the probate court and the arguments of counsel, ruled as follows:

"WHEREUPON the court finds that the claimant, Mrs. J. F. Holloway has failed to prove her claim. The court therefore finds that no contract or agreement was made and entered into between the claimant and Louise Towne as alleged in claimant's petition or otherwise, whereby Louise Towne promised and agreed to execute a will and by said will bequeath and devise her home at 1147 Ohio Street, together with household goods, furniture and fixtures to claimant, the real property involved being described as follows: (describing the property).

"The court further finds that there is no clear or convincing proof of any appreciable amount of work having been done by claimant for the deceased, Louise Towne, as alleged in claimant's petition."

In this court counsel for appellant point out that after the demurrer was overruled and the case was set for hearing the executor and trustees offered no evidence. They contend that having overruled the demurrer the court should have rendered judgment for claimant. The point is not well taken. In ruling on the demurrer the court does not weigh the evidence but considers all of it in the light most favorable to the party who had offered the evidence. More than that, it is not unusual for a trial court to prefer to make its ruling after all the evidence is in. They also point out that under our statute the ruling on a demurrer, if sustained or denied, is an appealable order. They contend, therefore, that the ruling on the demurrer became *res judicata*. It could only be *res judicata* as to matters passed upon by the court, and the only thing the court passed upon was that there was some evidence tending to favor claimant's petition. The ruling on the demurrer, even though unappealed from, did not prevent the court from weighing the evidence on the trial of the case upon its merits and from rendering such judgment as the court thought proper.

Appellant further presents for our consideration two questions: (1) Whether the judgment of the trial court in disallowing the claim for specific performance is contrary to the evidence, and (2) whether it is contrary to the law. With respect to the evidence, we note, as the trial court did, that there is no evidence that the contract pleaded was made. Indeed, the contract pleaded is that Miss Towne agreed to execute the will giving claimant her home and household goods in consideration of the claimant's "promise and agreement to care for the person of said deceased and her home." It will be noted for what time this care was to exist is not stated—whether for a few weeks or months only, or whether the care was to continue for the life of the promisor. But the evidence is wholly silent as to whether the contract pleaded, or any specific

contract, was made in the spring of 1942, when claimant says she began working for Miss Towne. Indeed, it is difficult to understand from the evidence what the claimant really understood the contract to be, for in 1946 when she planned to move from Lawrence to Virginia she asked Miss Towne about paying her for the work she had done. This tends to indicate claimant thought Miss Towne owed her money for her services up to that time. There is testimony as of that time by claimants daughter, by a woman who had lived in her home and by a neighbor who had lived next door two or three years before, tending to show that Miss Towne planned at that time, and perhaps had previously planned, to make a will in which she would leave her home and its contents to the claimant. Really, that is about all there is. Had she done so she could have changed her will. There is also a very light showing of what the claimant did for Miss Towne. She testified she did not do the cooking or wash the dishes; that she worked in the yard—the extent of that is not shown; that she washed windows, went to the grocery store and perhaps the drug store on errands, and did some other work of that character.

With respect to the law of the case the following authorities are applicable:

In 58 C. J. 1198, dealing with specific performance of oral contracts for the conveyance or to devise real estate, it is said:

"The rule requiring plaintiff to establish, by clear and convincing evidence, the existence and terms of the contract sought to be enforced, and the other essential facts necessary to a recovery, is especially applicable where it is sought to enforce a parol contract for the conveyance, lease, or exchange of land, and the rule is applied with even stronger reason where the contract was made with a person since deceased, . . ."

And on page 1203 it is said:

"The rules as to the weight of evidence are applied with the utmost strictness to oral contracts, one party to which has since died. So the law does not look with favor on contracts to will or lease to another on the promisor's death the whole or a part of the latter's estate. Courts of equity will subject the evidence of such a contract to close scrutiny, and it must be established by the clearest and most convincing proof, a mere preponderance of the evidence being insufficient. . . ."

Citing, among many other cases, *Fair v. Nelson*, 96 Kan. 13, 149 Pac. 432; *James v. Lane*, 103 Kan. 540, 175 Pac. 387; and *Bowen v. Galloway*, 125 Kan. 568, 264 Pac. 1038.

See, also, to the same effect, 32 C. J. S., "Evidence," § 1023; 20

Am. Jur., "Evidence," § 1253; 49 Am. Jur., "Specific Performance," § 169. This rule has been followed repeatedly in this state. In *Trackwell v. Walker*, 142 Kan. 367, 46 P. 2d 603, it was held:

"In an action to enforce a claim to half of an estate based upon an alleged oral contract between plaintiff and its deceased owner, the record examined and held that the evidence failed to prove the making of the contract and failed to prove its essential terms, and the demurrer to the evidence was properly sustained."

And see cases cited at pages 368 and 369.

We find no error in the record. The judgment of the trial court is affirmed.