No. 44,983

In the Matter of the Estate of George W. Hargreaves, Deceased. (Marlin E. McCabe, *Appellee*, v. Eugene W. Hiatt [substituted for Clyda D. Hargreaves, Executrix], Administrator *de bonis non* With Will Annexed of the Estate of George W. Hargreaves, Deceased, *Appellant*.)

(439 P. 2d 378)

Opinion filed April 6, 1968.

*Eugene W. Hiatt,* of Topeka, argued the cause, and *Leland M. Spurgeon,* of Topeka, was with him on the briefs for the appellant.

*Myron L. Listrom,* of Topeka, argued the cause, and *Louis F. Eisenbarth,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: Appellee, Marlin E. McCabe, commenced this action by filing a petition in probate court for the allowance of a demand against the estate of George W. Hargreaves, deceased. The petition was based on an alleged oral agreement. Appellee alleged that Hargreaves, while in the hospital in the summer of 1956, agreed to give $5,000 to appellee if he would remain in Hargreaves's employment in his lumberyard until Hargreaves died or the lumberyard was sold. The probate court allowed McCabe's demand and Clyda

D. Hargreaves, executrix of the estate of George W. Hargreaves, deceased, appealed to the district court.

In July 1966 the case was tried in the district court by a jury which returned a verdict for appellee. On motion for a new trial the court found the jury had not been adequately instructed as to burden of proof and granted a new trial. The case was retried in October 1966 and the jury again returned a verdict for appellee in the sum of $5,000. A motion for a new trial was filed and over-ruled and thereafter appellant perfected this appeal.

While the appeal was pending Clyda D. Hargreaves died. Eugene W. Hiatt was duly appointed and qualified as administrator *de bonis non* with will annexed of the estate of George W. Hargreaves, de-creased, on February 12, 1968, and has been, by order of this court, substituted as appellant herein.

The appellant makes three contentions on appeal. 1. The oral agreement was not established by clear and convincing evidence. 2. The oral agreement was subject to the provisions of the statute of frauds (K. S. A. 33-106) and consequently unenforceable. 3. The trial court erred in failing to sustain appellant's motion for summary judgment or in the alternative for a directed verdict or to dismiss.

In his lifetime George W. Hargreaves owned and operated Har-greaves Lumber Company in Topeka. McCabe was employed by Hargreaves in 1947 or 1948 and remained in such employment until May 1963. He started working as a salesman and worked in the office with Mr. Hargreaves and Mr. Flesher, the bookkeeper. After Flesher retired in 1954, the bookkeeping duties were taken over by McCabe in addition to his other responsibilities. Mr. Hargreaves retired from active participation in the business in 1956 because of ill health and remained inactive until his death on September 4, 1964. McCabe also assumed the duties of Har-greaves after his retirement.

McCabe testified that he visited Hargreaves once or twice a week to report on the business and in the summer of 1956, while visiting Hargreaves in the hospital, he told Hargreaves of a job opportunity with another company; that Hargreaves told him when he got out of the hospital he was going to sell the business and if McCabe would stay until the business was sold he would give McCabe $5,000. McCabe further testified that Mr. Hargreaves said that he had made provisions in his will for McCabe and that he could

look at the will in the office safe. McCabe told Hargreaves that he would stay because of the $5,000 offer. McCabe testified that he discussed the oral contract with Mrs. Hargreaves during 1957; that Mrs. Hargreaves wanted the will of Mr. Hargreaves changed and at that time told McCabe not to worry that he would get his.

McCabe continued to work for Hargreaves Lumber Company until May 18, 1963. On that date Mrs. Hargreaves came to the office with one Ken Scott and told McCabe that she was selling the business to Scott and that McCabe was no longer needed. On May 20, 1963, McCabe returned to the lumber company and was advised by Scott, in the presence of Mrs. Hargreaves, that he was no longer working there.

Mrs. Hargreaves testified that she had a conversation with McCabe sometime prior to the death. of George Hargreaves and that McCabe told her that Hargreaves had promised him $5,000, that she asked Mr. Hargreaves when she went home that evening if this were true and he denied the same. Appellant claims that Mrs. Hargreaves denied telling McCabe that she had sold the business. However, this contention is not borne out by her testimony. At one point in her testimony she denied informing McCabe of the sale but later testified:

"No, Sir, I just at the beginning I told him that Mr. Scott had said that he was going to buy the business, but I never told him that I drew up the papers or anything."

When cross-examined on the point Mrs. Hargreaves testified:

"Well, in the first place when I knew that we were going to sell and the people had announced that they would take it I told Mr. McCabe that we were going to sell out. . . ."

Appellant relies heavily on *In re Estate of Shirk*, 194 Kan. 424, 399 P. 2d 850, in support of his first contention. He argues that appellee's evidence in this case falls short of the clear and convincing evidence required to establish an oral agreement with a person since deceased, as set out in the *Shirk* opinion. We stated in *Shirk* that this court has held that oral contracts such as that under consideration here must be established by clear and satisfactory proof or by proof that is clear, satisfactory and convincing. (*In re Estate of Towne*, 172 Kan. 245, 239 P. 2d 824; *Bond v. Bond*, 154 Kan. 358, 118 P. 2d 549; *Trackwell v. Walker*, 142 Kan. 367, 46 P. 2d 603; and a number of older cases adhering to the same rule.)

The trial court ordered a new trial because in the first trial the jury was instructed that appellee's claim need be established by merely a preponderance of the evidence. In the second trial, from which this appeal is taken, the jury was carefully instructed, in harmony with our opinion in *Shirk*, that such an oral contract must be proved by clear, cogent and convincing evidence and the meanings of those requirements were explained.

Instruction No. 6 reads as follows:

"Burden of proof means burden of persuasion. A party who has the burden of proof must persuade of the truth of his claim by clear, cogent and convincing evidence. And determining whether he has met this burden you will consider all the evidence, whether produced by the plaintiff or the defendant.

"It is the law of this state that when a person is claiming under an oral contract with a person since deceased the oral contract must be proved by clear, cogent and convincing evidence.

"To be clear, cogent and convincing, evidence should be plain to the understanding, unambiguous and not confusing."

Four special interrogatories were submitted to the jury and answers were returned as follows:

"1. Do you find that there was an oral agreement entered between George W. Hargreaves and Marlin McCabe wherein it was agreed that Marlin McCabe would be paid $5,000.00 if he continued his employment in the business until the business was sold and that McCabe agreed to stay?

"ANSWER: Yes.

"2. Was Marlin McCabe fired by Mrs. Hargreaves?

"ANSWER: No.

"3. Did Marlin McCabe voluntarily quit?

"ANSWER: Yes, after he was induced to believe the business was sold.

"4. If Marlin McCabe voluntarily quit, was he induced to do so by being told by Mrs. Hargreaves that, and he believing that, the business had been sold?

"ANSWER: Yes."

In addition to his own testimony concerning the oral agreement with Hargreaves, McCabe offered the testimony of a fellow employee, Robert G. Reddick. Reddick worked for the Hargreaves Company from 1959 until 1964, and during a part of that time he stayed at the home of Mr. Hargreaves and helped take care of him. Reddick testified that Hargreaves told him that if McCabe would stay with the business he would be taken care of. Reddick also testified that Mrs. Hargreaves told him that she had sold the business to Scott and that he would have to start working for Scott but at less salary that he had been earning.

A previous will, executed by Mr. Hargreaves in 1946, was offered in evidence by McCabe. Hargreaves wrote a note on the margin

of the will on July 5, 1953, in which he stated that correction and changes shown would be followed in place of the original will in case he (Hargreaves) died before the will is rewritten. A handwritten change was made in Item 3 which originally set out bequests to several employees of Hargreaves. The names of several employees were scratched out and a handwritten note—"Marlin E. McCabe $5,000"—was inserted. The name of W. O. Penny was left and a bequest of $500 was scratched out and $1,000 inserted by hand.

In answer to pretrial interrogatories, Mrs. Hargreaves stated that some of the handwritten notes on the will appeared to be in the hand of Mr. Hargreaves and that other notes did not look like his handwriting. As to Item 3, with reference to the name of Marlin E. McCabe and the figure $5,000, she stated that it did not look like Mr. Hargreaves' writing.

The conflicts in the testimony of Mrs. Hargreaves and McCabe have been resolved in favor of McCabe by the probate court and two juries in the district court. As we have indicated, the testimony of McCabe fixed the time of consummating the contract in the summer of 1956, the amount at $5,000, and the consideration that McCabe stay with the business until it was sold.

The testimony of McCabe as to the terms of the contract, and as to the time and place of its making, is clear and positive and the jury chose to believe him.

In *Shirk*, even though there was clear and convincing testimony of two witnesses as to the time and place and making of the contract, we stated:

". . . The difficulty is that all of the testimony as to the facts and circumstances surrounding the making of the alleged agreement was, by documentary evidence proven to be absolutely false and untrue." (p. 432.)

The evidence subsequently offered by the claimant in *Shirk*, in an attempt to explain the discrepancy in the testimony of the two witnesses was, as stated in the opinion, "anything but satisfactory."

The findings of the jury are supported by substantial evidence which we believe meets the standards required to establish an oral contract with a person since deceased.

We turn next to appellant's second contention that even though the oral contract is established it is subject to the provisions of the statute of frauds (K. S. A. 33-106) and consequently unenforceable.

Appellant argues that since more than one year lapsed since the

agreement was made between McCabe and Mr. Hargreaves, in the summer of 1956, the burden falls on McCabe to reduce the agreement to writing and failure to do so bars enforcement under the provisions of K. S. A. 33-106 which read in pertinent part as follows:

"No action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing. . . ."

The appellant's argument on this point fails on two grounds. First, McCabe's performance under the contract commenced immediately and might have been fully completed within one year by Mr. Hargreaves leaving the hospital and selling the business. Under the foregoing statute it has been held that an oral contract, which might have been fully performed within one year, does not fall within the statutory prohibition. ( *King v. Robbins*, 193 Kan. 70, 392 P. 2d 154; *Smith v. Nyburg*, 136 Kan. 572, 16 P. 2d 493, and *Stahl v. Stevenson*, 102 Kan. 447, 171 Pac. 1164.) The rule was stated in *Cassity v. Cassity*, 147 Kan. 411, 76 P. 2d 862, as follows:

". . . Unless an oral agreement discloses it cannot be performed within the space of one year, we cannot say the agreement violates the provisions of the statute. . . ." (p. 416.)

The foregoing statement was quoted with approval in *Talbott v. Gaty*, 171 Kan. 136, 231 P. 2d 202. See, also, *Eastwood v. Eastwood*, 167 Kan. 471, 207 P. 2d 393; *Cannon v. Harris*, 161 Kan. 225, 166 P. 2d 998, and *Bundy v. Liberty Life Ins. Co.*, 150 Kan. 658, 95 P. 2d 550.

Appellant's argument fails for the further reason that, under the jury's findings in this case, the contract was fully performed by McCabe. As reflected by answers to the special interrogatories, the jury found McCabe remained in the employment of Hargreaves until he was induced to quit when told by Mrs. Hargreaves that the business had been sold. Full performance of an alleged oral contract relieves a cause of action thereon from the inhibitions of the statute of frauds. ( *King v. Robbins*, supra; *Smith v. Nyburg*, supra; *Paton v. Paton*, 152 Kan. 351, 103 P. 2d 826, and *Meador v. Manlove*, 97 Kan. 706, 156 Pac. 731.)

The oral agreement in question here might have been fully performed within a year. Under the findings of the jury, McCabe had fully performed prior to the filing of his claim. The existence of either condition is sufficient to remove the contract from the inhibitions of the statute of frauds.

The appellant also argues in his brief that the action is barred by the three year statute of limitations (K. S. A. 60-512). This question was not raised in the court below, nor is it designated as a point on appeal, therefore, it is not subject to review. (See 2 West's Kansas Digest, Appeal & Error, § 169, and 1 Hatcher's Kansas Digest [rev. ed.], Appeal & Error, § 304.)

Lastly, appellant contends the trial court erred in failing to sustain appellant's motion for summary judgment or in the alternative for a directed verdict. What has been said fully disposes of this contention, therefore, further discussion is unnecessary.

The judgment is affirmed.